## STATE OF OREGON,
*Respondent,*

*v.*

## MARK LESLIE ROBERTS,
*Appellant.*

(B71-123; CA A75017)

853 P2d 1345

John Halpern, Jr., Eugene, argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Richardson, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from an order denying his motion to set aside his conviction for public indecency. We affirm.

■ Defendant was convicted of public indecency in 1987. ORS 163.465. He subsequently moved to set aside the conviction under ORS 137.225(1). During the hearing on the motion, the state presented evidence that defendant had a prior conviction for felony driving while revoked. The court held that, because of the prior conviction, defendant was ineligible to have his public indecency conviction set aside. ORS 137.225(6)(b).[1] Defendant contends that his felony driving while revoked conviction is a "motor vehicle violation" under the terms of ORS 137.226(6)(b) and, therefore, is not a conviction that bars the setting aside of his conviction for public indecency. We review for errors of law.[2]

■ The threshold question is the meaning of the phrase "motor vehicle violation," as used in ORS 137.226(6)(b). In construing statutes, our task is to discern the intent of the legislature. ORS 174.020. Toward that end we begin with the text of the statute, to ascertain what it contains, not to insert what has been omitted or to omit what has been inserted. ORS 174.010. When the words of the statute are not dispositive, we look to the context of the statute by considering other statutes on the same subject. *State v. Trenary*, 316 Or 172, 175, 850 P2d 356 (1993).

By its express language, ORS 137.225(6)(b) permits the court to set aside a conviction when the only additional conviction within the 10-year period immediately preceding the filing of the motion was for a "motor vehicle violation." ORS 161.565(2) provides that an offense is a "violation" if:

---

[1] ORS 137.225(6) provides, in part:

"Notwithstanding subsection (5) of this section, the provisions of subsection (1) of this section do not apply to:

"* * * * *

"(b) A person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense, *excluding motor vehicle violations*, whether or not the other conviction is for conduct associated with the same criminal episode that caused the arrest or conviction that is sought to be set aside." (Emphasis supplied.)

[2] Defendant's brief failed to identify the applicable standard of review. ORAP 5.45(6).

"(a) The offense is so designated in the statute defining the offense;

"(b) *The statute prescribing the penalty for the offense provides that the offense is punishable only by a fine, forfeiture, fine and forfeiture or other civil penalty*; or

"(c) The offense is declared to be a violation for purposes of the particular case, as provided in subsection (2) of this section." (Emphasis supplied.)

Because defendant's prior conviction was for a felony, rather than a violation, defendant was not convicted of a "motor vehicle violation." The court did not err in denying his motion to set aside his conviction.

Affirmed.